**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN SANCHEZ CASTILLO (A-No. 240-061-331),<br>Petitioner,<br>v.<br>WARDEN OF THE MESA VERDE DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-06603-JLT-SAB<br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br>(Doc. 1) |

Before the Court is Jonathan Sanchez Castillo's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition.

## I. FACTUAL BACKGROUND

Petitioner is from Colombia. (Doc. 7-1 at 1.) In March 2022, Petitioner immigrated to the United States, where he was encountered by Customs and Border Protection. (*Id*. at 3.) On March 15, 2022, Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id*. at 3, 5.) On April 8, 2022, DHS released the Petitioner into the interior of the country on a $3,000 bond. (*Id*. at 3.)

On June 5, 2026, Petitioner was convicted of Trespass and sentenced to thirteen days in custody. (Doc. 7-1 at 2.) On July 9, 2026, Petitioner was again arrested by the FBI for Larceny (from a banking type institution) in violation of 18 U.S.C. § 2113. (*Id.*; Doc. 7-2 at 4.) Charges for this offense remain pending. (Doc. 7-1 at 2.) After being in custody for approximately a month, Petitioner was transferred into ICE custody on August 6, 2026, pursuant to an ICE detainer lodged with the local jail. (*Id.* at 3.) Petitioner was transferred to the Mesa Verde Detention Facility in Bakersfield, California, where he remains. (Doc. 1 at 2.) On May 20, 2026, DHS issued an I-200 administrative warrant for Petitioner's arrest, (Doc. 7-1 at 9), and on September 10, 2026, DHS issued a Notice of Custody Determination. (Doc. 8-1 at 1.)

On August 18, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 16–17.) On September 10, 2026, Respondents filed an opposition conceding that Petitioner is subject to detention under 8 U.S.C. § 1226(a) but arguing that Petitioner must exhaust his administrative remedies before seeking habeas relief in this Court. (Doc. 7 at 1–3.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

As a threshold matter, if a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies

would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted). This Court has previously waived the prudential exhaustion requirement where the government concedes that detention is governed by 8 U.S.C. § 1226(a). *See German U. v. Chestnut*, No. 1:26-cv-05200-JLT-EGC, 2026 WL 2350009, at *1–2 (E.D. Cal. Aug. 12, 2026); *Marquez v. Warden, et al.*, No. 1:26-cv-04528-JLT-SAB, 2026 WL 2268762, at *2 n.3 (E.D. Cal. Aug. 6, 2026). Here, the Court will likewise "waive the prudential exhaustion requirement because the relief that the court will grant by this order—a hearing in front of an immigration judge at which Petitioner's eligibility for bond must be considered—is precisely the relief that prudential exhaustion would require." *Chateauneuf v. Chestnut*, No. 1:26-cv-01073-DC-JDP, 2026 WL 523695, at *3 (E.D. Cal. Feb. 25, 2026).

As Respondents concede, Petitioner's detention is controlled by 8 U.S.C. § 1226(a), as someone who was formally encountered upon entry into the United States and released into the interior of the country. (Doc. 7 at 1; Doc. 7-1 at 3); *see Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. The record indicates that Petitioner was recently convicted of trespass and arrested for larceny in violation of 18 U.S.C. § 2113. (Doc. 7-1 at 2, 3.) This Court finds that "Respondents may well have a legitimate interest in Petitioner's detention based on information contained in the arrest report . . . [T]he Immigration Judge may

consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interest[] in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026).

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.

2. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **<u>At least 72 hours before</u>** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **<u>at least 72 hours</u>** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this Order to the Immigration Judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. The Clerk of Court is directed to serve the Mesa Verde Detention Facility in Bakersfield, California with a copy of this Order.

///

///

///

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _September 28, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE